# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>Evelio Suarez,<br><br>_____<br>*Defendant* | )<br>)<br>) Case No. 1:18-mj-02965-EGT<br>)<br>) |

## ORDER OF DETENTION PENDING TRIAL

### Part I – Eligibility for Detention

Upon the

☐ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or

☒ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II – Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

    ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

        ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

        ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

        ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

        ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

        ☐ **(e)** any felony that is not otherwise a crime of violence but involves:
(i) a minor victim; (ii) the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); (iii) any other dangerous weapon; or (iv) a failure to register under 18 U.S.C. § 2250; *and*

    ☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; *and*

    ☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; *and*

    ☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☐ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☐ The defendant has not introduced sufficient evidence to rebut the presumption above.

**OR**

☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

**Part III – Analysis and Statement of the Reasons for Detention**

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☐ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☒ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☒ Weight of evidence against the defendant is strong

☒ Subject to lengthy period of incarceration if convicted

☒ Prior criminal history

☒ Participation in criminal activity while on probation, parole, or supervision

☐ History of violence or use of weapons

☐ History of alcohol or substance abuse

☒ Lack of stable employment

☒ Lack of stable residence

☐ Lack of financially responsible sureties

☐ Lack of significant community or family ties to this district

☐ Significant family or other ties outside the United States

☒ Subject to removal or deportation after serving any period of incarceration

- ☐ Prior failure to appear in court as ordered
- ☐ Prior attempt(s) to evade law enforcement
- ☒ Use of alias(es) or false documents
- ☐ Background information unknown or unverified
- ☐ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

On July 2, 2018, the Court held a detention hearing at which the government proffered the following evidence.

On June 21, 2018, the defendant was charged by Complaint with conspiracy to commit money laundering, bribery of a bank official, and obstruction of justice. The government proffered evidence that the defendant engaged in a scheme to launder the proceeds of fraudulent activity, including health care fraud, identity theft tax refund fraud, mortgage fraud, and other fraudulent proceeds, through three check-cashing stores controlled by the defendant. The United States proffered that in 2013 and 2014 the three stores cashed nearly $500 million in checks, nearly all of which were the proceeds of fraud.

In particular, the government explained that the defendant allowed persons to cash checks from fraudulent activity in the names of individuals who were not present to cash the checks, and often using false identification documents. With respect to the conspiracy to commit money laundering, the government proffered that: (a) multiple witnesses, including nominee owners of the check-cashing stores, would testify that the defendant controlled the three check-cashing stores and received half of the proceeds from the stores; (b) multiple witnesses would testify that the defendant knowingly cashed fraudulent tax refund checks and charged an extra thirty percent for cashing such checks; and (c) multiple witnesses also would testify that the defendant knowingly cashed health care and mortgage fraud checks and charged an extra ten percent for cashing these checks. The government also proffered that the defendant had unexplained wealth. He spent approximately $150,000 at Louis Vuitton since 2013 and purchased three different homes (each worth approximately $500,000) in Miramar with funds from the check-cashing stores.

In addition, the government proffered evidence that the defendant bribed a bank employee with cash payments in order to obtain bank statements of the check-cashing stores and to receive advance loans from the bank for the check-cashing stores. Finally, the government proffered evidence that the defendant instructed a number of his former tellers to testify falsely before the grand jury that the defendant was not involved with the check-cashing stores. The government proffered that one of the tellers admitted that she had testified falsely before the grand jury. This teller confirmed that the defendant controlled the check-cashing stores and that the defendant cashed fraudulent health care checks for a ten percent fee.

The defendant has a prior federal conviction from 2001 for access device fraud for which he served 12 months in prison. The defendant also has a state conviction from 2013 relating to the cashing of checks from workers' compensation fraud. The government proffered that the defendant committed the instant offense while on probation for that offense.

The defendant, a citizen of Cuba, arrived in this country in 1995, and has an outstanding deportation order. The defendant does not appear to have a stable residence; he told Pretrial Services that he is currently residing with a friend. The defendant advised Pretrial Services that he has a negative net worth of approximately $48,467. The defendant reported to pretrial services that he has worked at a bakery for the last five months making monthly income of approximately $1,000. The defendant did not disclose to Pretrial Services his employment from 2010 to January 2018. It is very difficult to assess the accuracy of the defendant's assets, given his documented history of placing substantial assets he controls in other's names. Nonetheless, the Court has no indication that the defendant has significant assets in his name to tie him to the United States.

Finally, the government proffered that if he is convicted, the advisory Sentencing Guidelines will call for a term of incarceration of 360 months to life. The severity of the potential sentence provides further incentive for the defendant to flee before trial.

For these reasons, and for the reasons the Court stated at the pretrial detention hearing, which the Court incorporates by reference into this Order, the Court finds by a preponderance of the evidence that that there is no combination of conditions that would reasonably assure the Court that the defendant will appear for trial, if released on bond.

## Part IV – Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: July 3, 2018                             _____
                                                United States Magistrate Judge