UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 18-20669 CR SCOLA

UNITED STATES OF AMERICA

vs.

EVELIO SUAREZ,

        Defendant.
_____/

## FACTUAL PROFFER

Had this case proceeded to trial, the United States would have proven the following facts beyond a reasonable doubt:

From in or around 2013, continuing through in or around 2015 (the "relevant period"), the defendant controlled a number of check-cashing stores, including Minimalist Solutions ("Minimalist"), Don Koky Enterprises Corp. ("Don Koky"), and Doger Group Inc. ("Doger") (together, the "Suarez Stores") located in Hialeah, Florida. All of the Suarez stores maintained bank accounts at People's Credit Union that had operations in Broward County.

During the relevant period, the defendant caused the cashing of checks at the Suarez Stores that were the proceeds of fraudulent activity, including identity-theft tax refund fraud, health care fraud, and mortgage fraud. The defendant knew, or was willfully blind in not knowing, that the checks had been obtained from fraudulent activity.

Because the defendant knew the funds came from illegal sources, the defendant charged an additional fee on top of the standard fee charged by the check-cashing stores. The defendant charged this as a personal fee that he took in cash from the stores. The defendant also often

withheld money from the checks and falsely claimed to the scammers that the money from the scammers' checks had been frozen by the banks or the authorities.

In or around 2013, co-conspirators of the defendant engaged in an identity-theft tax refund scheme. These co-conspirators submitted fraudulent tax refunds to the IRS in 2013 using stolen personal identity information. From this scheme, the co-conspirators received numerous U.S. treasury tax refunds each totaling approximately $150,000. In 2013, the defendant met with the co-conspirators in Hialeah. The defendant agreed to cash the fraudulent checks in exchange for an additional personal fee. The defendant never met the person in whose name the U.S. treasury tax refund check was payable. The defendant knowingly accepted fake identification documents for these checks.

In order to launder the proceeds of the scheme, on or about August 9, 2013, the defendant knowingly caused the cashing of a fraudulently obtained U.S. Treasury tax refund check for $149,000 in the name of E.M. The co-conspirators received the proceeds from this check and the defendant kept an extra percentage for himself in cash. To disguise the recipient of the proceeds, the defendant knowingly ensured that the currency transaction report for the fraudulent tax refund checks did not list the co-conspirators as receiving the cash.

During the relevant period, the defendant knowingly cashed at least $100 million in checks that came from either identity-theft tax refund fraud, healthcare fraud or mortgage fraud.

BENJAMIN GREENBERG
ACTING UNITED STATES ATTORNEY

Date: 10/10/2018       By: _____
                           MICHAEL N. BERGER
                           ASSISTANT UNITED STATES ATTORNEY

Date: 10/10/2018       By: _____
                           GUSTAVO GARCIA-MONTES
                           ATTORNEY FOR DEFENDANT

Date: 10/10/18         By: _____
                           EVELIO SUAREZ
                           DEFENDANT